Kenneth P. Dobson
Dobson Law Office, LLC
OSB No. 002435
324 S. Abernethy Street
Portland, OR 97239
(971) 717-6582
kdobson@pdxlandlaw.com
*Counsel for Plaintiff and the proposed class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **KHIAS MCATEE**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**UMZU LLC, and MICHAEL DOBSON a/k/a MICHAEL J. DOBSON**<br><br>*Defendants.* | Civ. No.: 3:25-cv-01236-SI<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff Khias Mcatee brings this class action against Defendant UMZU LLC ("Defendant UMZU") and Defendant Michael Dobson a/k/a Michael J. Dobson ("Defendant Dobson") (Collectively referred to as "Defendants"), and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA").

2. To promote its goods and services, Defendants engaged in unsolicited text messaging and continues to text message consumers after they have opted out of Defendants' solicitations.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendants' illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*.

5. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants direct, market, and provide its business activities to this District, and because Defendants' unauthorized marketing scheme was directed by Defendant to consumers in this District like Plaintiff.

**PARTIES**

6. Plaintiff is a natural person who resides in Multnomah County, Oregon and a called party under the TCPA.

7. Defendant Umzu is a corporation whose principal office is located in Colorado.

8. Defendant Dobson is a natural person who upon information and belief resides in California. Defendant Dobson is the majority owner of Defendant Umzu through The Better Foundation, LLC which he is the Chairman, Treasurer and majority shareholder. Dobson is also the CEO of Defendant Umzu.

**FACTS**

9. Defendants have sent multiple telemarketing text messages to Plaintiff's cellular telephone number ending in 1429, after Plaintiff had asked Defendants to stop, as depicted below:



39727 >

Sat, Nov 9 at 9:45 AM

UMZU: BLACK FRIDAY has arrived!

50% OFF subscriptions, 40% OFF everything else. PLUS get a free gift when you spend $49+

Stock up: https://umzu.snl.to/l/Lnp/xjN6B

Wed, Nov 13 at 11:32 AM

UMZU: 40% OFF SITEWIDE (& even more when you subscribe)

Don't miss out on the biggest sale of the year!

Get going: https://umzu.snl.to/l/xo7/NJpZk

Sat, Nov 16 at 11:17 AM

UMZU: Black Friday Update - Stock is flying off the shelves at our warehouse.

Save up to 50% while you can,

39727 >

Stock is flying off the shelves at our warehouse.

Save up to 50% while you can, inventory is limited: https://umzu.snl.to/l/j9E/X6O6N

Wed, Nov 20 at 9:26 AM

UMZU: Give your friends & family the gift of health.

For a limited time, get up to $61 of freebies on orders $49+, plus 40% OFF SITEWIDE.

Shop now: https://www.umzu.com/collections/all

Fri, Nov 29 at 9:33 AM

UMZU: Black Friday is here!

50% OFF subscriptions
40% OFF everything else
FREE gifts on orders $49+

Shop today & save: https://umzu.snl.to/l/Za3/JZ817

39727 >

40% off subscriptions
30% off sitewide
+ free gifts on orders $89+

Get yours: https://umzu.snl.to/l/g6J/lN3bQl

Sun, Dec 29 at 9:50 AM

UMZU: Limited inventory left in our New Year's Sale!

Save 40% on subscriptions (best offer)
30% off sitewide
& free gifts

Shop Now: https://umzu.snl.to/l/jp1/vJ8154

Sun, Jan 12 at 9:52 AM

UMZU: If your New Year's Resolution was to save $, you're in luck. Everything is up to 40% off for a limited time:

Shop the best deals here: https://umzu.snl.to/l/gNJ/pLE8ed

39727 >

Shop now: https://www.umzu.com/collections/all

Fri, Nov 29 at 9:33 AM

UMZU: Black Friday is here!

50% OFF subscriptions
40% OFF everything else
FREE gifts on orders $49+

Shop today & save: https://umzu.snl.to/l/Za3/JZ817

Mon, Dec 2 at 8:40 AM

UMZU: CYBER MONDAY SAVINGS

Save up to 50% off while you still can: https://umzu.snl.to/l/x77/RORjGp

Offer ends in 2 days

Sun, Dec 8 at 9:37 AM

UMZU: Feeling sluggish after holiday indulgence?
Boost your gut health naturally with this bundle & save $25:

39727 >

Offer ends in 2 days

Sun, Dec 8 at 9:37 AM

UMZU: Feeling sluggish after holiday indulgence?
Boost your gut health naturally with this bundle & save $25: https://umzu.snl.to/l/BRo/MElqvz

Sun, Dec 15 at 9:19 AM

UMZU: Let the Holiday Deals continue!

Check out 2024's best sellers, all up to 30% off: https://umzu.snl.to/l/zPD/ROOD6p

Fri, Dec 20 at 10:02 AM

UMZU: New Year New You Sale is LIVE!!

Save up to 40% off sitewide & make 2025 your healthiest year yet: https://umzu.snl.to/l/1rz/GM34v9

Fri, Dec 27 at 9:20 AM

39727 >

https://umzu.snl.to/l/gNJ/pLE8ed

Sun, Jan 19 at 9:19 AM

UMZU: Last call to save up to 40% off sitewide, this sale ENDS at MIDNIGHT.

Don't wait to save: https://umzu.snl.to/l/LBr/EN6Q67

Wed, Jan 22 at 9:26 AM

UMZU: ELEVATE your health! Start with our customer favorites for energy, immunity, mood, and more:
https://umzu.snl.to/l/d4y/OORpnZ

Thu, Jan 30 at 8:50 AM

UMZU: Did you know we offer a 60 day money-back guarantee? If you are not loving a product, we'll give you a full refund.

Up to 30% off ends soon:https://umzu.snl.to/l/1q7/MXXQOY

39727 >

Sun, Feb 2 at 9:29 AM

UMZU: New Year New You Sale ends TONIGHT.

Final hours to save 30% on subscriptions and 20% sitewide. You'll be kicking yourself if you miss this!

Shop natural supplements for weight loss, libido, cognition and more:https://umzu.snl.to/l/GN9/ZOJ2e1

Tue, Feb 18 at 9:35 AM

UMZU: LAST CHANCE to try Redwood MAX and save 20%

- Peak Circulation
- Boost Nitric Oxide
- Enhanced Stamina & Libido
- Surge of Energy

90% sold out: https://umzu.snl.to/l/ro5/09yLg3

Tue, Mar 11 at 2:57 PM

39727 >

90% sold out: https://umzu.snl.to/l/ro5/09yLg3

Tue, Mar 11 at 2:57 PM

UMZU: EARLY ACCESS!

For a limited time, save 25% on SENSOLIN GLP-1. Naturally activate GLP-1, the hormone that regulates hunger, appetite, and metabolism.

Curb your cravings: https://umzu.snl.to/l/4qm/j45b5Z

Sun, Mar 16 at 11:48 AM

UMZU: Save 25% on a Sensolin subscription for life!

- Appetite Control
- Weight Management
- Gut Health
- Metabolic Boost

Get your summer body now:https://umzu.snl.to/l/Mrp/IBjjGj

39727 >

Offer ends tomorrow at midnight: https://umzu.snl.to/l/zxd/67YB0l

Sun, Mar 30 at 9:59 AM

UMZU: ENDS TONIGHT!

Save 50% on zuBurn to burn fat, boost metabolism, and lose weight.

Act now, offer expires at midnight: https://umzu.snl.to/l/bJO/m70eEP

Sun, Apr 6 at 10:36 AM

UMZU: Get ready to feel the difference with REDWOOD MAX. 91% of users felt higher energy levels.

Experience the new & improved REDWOOD MAX today and save 20% off when you susbcribe: https://umzu.snl.to/l/Oyd/5N7JR6

Sat, Apr 19 at 11:03 AM

Sun, Mar 23 at 8:59 AM

UMZU: Tired of cravings & energy crashes?

Meet your new secret weapon: Sensolin GLP-1.

Balance your metabolism, support a healthy weight and feel energetic again.

Shop now: www.umzu.com/products/sensolin

Sat, Mar 29 at 9:03 AM

UMZU: Flash Sale - 50% off zuBurn!

Struggling with weight loss? Burn fat and get shredded with our proven thermogenic fat burning formula.

39727 >

https://umzu.snl.to/l/Oyd/5N7JR6

Sat, Apr 19 at 11:03 AM

UMZU: The Easter Sale is ON! 25% off the Gut Health Stack for life + free zuPoo + free shipping.

Offer Ends Monday! https://umzu.snl.to/l/P58/MMr4mY

Sun, Apr 20 at 11:06 AM

UMZU: 1 day left! Easter Sale ends tomorrow. Grab your Gut Health Stack now w/ 25% off + a FREE gift!

Thousands have already claimed this offer, get yours: https://umzu.snl.to/l/mbx/BLeMMN

Mon, Apr 21 at 11:16 AM

UMZU: 🚨 Final hours! Easter Sale ends tonight. 25% off a lifetime subscription + free zuPoo + free shipping!

Claim offer now: https://




10. As shown above, Plaintiff wrote stop to Defendants on October 8, 2024. However, Defendant has continued text messaging Plaintiff on November 9, 2024; November 13, 2024; November 16, 2024; November 20, 2024; November 29, 2024, December 2, 2024, December 8, 2024, December 15, 2024, December 20, 2024, December 27, 2024, January 12, 2025, December 26, 2024, January 19, 2025; January 22, 2025; January 30, 2025; February 2, 2025; February 18, 2025; March 11, 2025; March 16, 2025; March 20, 2025; April 6, 2025; April 20, 2025, April 21, 2205, April 22, 2025; Mayu 20, 2025; June 1, 2025.

11. Within moments after Plaintiff sent the opt-out request, Defendants responded with an automated text message, acknowledging Plaintiff's request to opt-out from further communications and confirming Plaintiff had been opted-out.



12. Defendants ignored Plaintiff's opt-out request and sent Plaintiff more than two (2) text messages afterwards.

13. Given Defendants' use of an automated text messaging platform to solicit Plaintiff, as reflected by the auto-reply opt-out confirmations Plaintiff received, Defendant had the ability to immediately opt Plaintiff out of further communications but chose not to do so.

14. As demonstrated by the above screenshots, the purpose of Defendants' text messages was to advertise, promote, and/or market Defendants' property, goods, and/or services.

15. The above text messages were physically sent by Defendants directly to Plaintiff.

16. As demonstrated by the above screenshots, Defendants do not reasonable honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendants' text message solicitations by telling Defendants not to contact him anymore, but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

17. Defendants' refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

18. Defendants failed to place Plaintiff on an internal do-not-call list after Plaintiff's "stop" opt-out instructions.

19. Defendants' refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

20. Defendants' refusal to honor Plaintiff's opt-out requests demonstrates that Defendants do not maintain an internal do-not-call list.

21. Defendants did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the

fact that Plaintiff made an opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messages to Plaintiff.

22. Defendants' text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

23. Plaintiff received the subject texts within this judicial district and, therefore, Defendants' violation of the TCPA occurred within this district.

24. Defendants' texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

25. Defendants sent more than two solicitations after Plaintiff' initial opt-out request and more than 30 days after Plaintiff's "Stop" instruction.

26. To the extent that Defendants had consent to contact Plaintiff, that consent was expressly revoked when Plaintiff responded with a "Stop" text.

27. To the extent that Defendants had an established business relationship with Plaintiff, that relationship was terminated when Plaintiff responded with a "Stop" text.

28. Plaintiff is the subscriber and sole user of the 1429 Number and is financially responsible for phone service to the 1429 Number.

29. Plaintiff has registered Plaintiff's 1429 Number with the national do-not-call registry on March 26, 2009.

30. Upon information and belief, Defendants have access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendants also has access to text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

31. Defendants' text messages caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

32. On information and belief, Defendant Dobson personally participated in and/or directed and authorized (1) setting up the text messaging campaign, (2) initiating the sending of the text messages, (3) managing the campaign, (4) overseeing the campaign's results, and (5) generally coordinating the campaign.

33. On information and belief, Defendant Dobson has complete managerial control of Defendant Umzu.

## CLASS ALLEGATIONS

### PROPOSED CLASS

34. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

35. Plaintiff brings this case on behalf of the Class defined as follows:

> **INTERNAL DO NOT CALL CLASS: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent more than one text message from short-code 95637 during any 12-month period, (2) regarding Defendant's goods, products and/or services, (3) to said person's residential cellular telephone number, (4) after making a request to Defendant to not receive future text messages by replying with a "stop" instruction.**
>
> **DNC Class: All persons in the United States who, within the four years prior to the filing of this action through the date of class certification, (1) were sent more than one text message within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's goods, products, and/or eye exam and related services; (4) to said person's residential cellular telephone number; (5) after making a request to Defendant to not receive further text messages by replying with a "stop" or similar opt-out instruction in response to Defendant's text message(s).**

36. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

37. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

38. Given Defendants; use of an automated text messaging platform to blast text messages to mass groups of consumers and Defendant's refusal to honor opt-out requests, Defendant sent text messages to more than 50 persons throughout the United States in violation of the TCPA and who would fall within the above defined Class. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

**COMMON QUESTIONS OF LAW AND FACT**

40. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

a. The total number of text messages sent by Defendants to Plaintiff and the Class after they opted out of those communications;

b. Whether Defendants continued to send text message solicitations after opt-out requests;

c. Whether Defendants maintain an internal do-not-call list and trained its employees on how to use the list; and

d. Whether Defendants are liable for damages, and the amount of such damages.

41. The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

<u>TYPICALITY</u>

42. Plaintiff's claims are typical of the claims of the Class Members, as they are all based on the same factual and legal theories.

<u>PROTECTING THE INTERESTS OF THE CLASS MEMBERS</u>

43. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

<u>PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE</u>

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**<u>VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)</u>**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

46. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

47. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests*. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

48. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

49. Plaintiff and the Class Members made requests to Defendants not to receive texts from Defendants.

50. Given Defendants' use of an automated text messaging platform, as reflected by the auto-reply opt-out confirmation Plaintiff received, Defendant had the ability to immediately opt Plaintiff and the Class Members out of further communications but chose not to do so. Accordingly, it was unreasonable for Defendants to continue texting Plaintiff and the Class Members given its ability to immediately opt them out and its representation that they had been opted out of further communications.

51. Defendants do not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendants not to contact Plaintiff anymore, but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

52. Defendants' refusal to honor opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

53. Defendants' refusal to honor opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing.

54. Defendants' refusal to honor opt-out requests demonstrates that Defendants do not maintain a standalone do-not-call list.

55. Defendants did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff and the Class Members as reflected by the fact that Plaintiff made an opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messages to make a sale

56. Thus, Defendants have violated 47 C.F.R. § 64.1200(d).

57. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

58. As a result of Defendants' knowing or willful conduct, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages per violation.

**COUNT II**
**Violations of 47 U.S.C. § 227(c) and 64.1200(c)**
**(On Behalf of Plaintiff and the DNC Class)**

59. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

60. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

61. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

62. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

63. Defendants violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

64. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

65. As a result of Defendants' conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is

determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: September 11, 2025

*/s/ Kenneth P. Dobson*
Kenneth P. Dobson
324 S. Abernethy Street
Portland, Oregon 97239
Office: (971) 717-6582
Mobile: (503) 684-8198
kdobson@pdxlandlaw.com

Manuel S. Hiraldo, Esq.
**HIRALDO P.A.**
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
T: 954-400-4713
E: mhiraldo@hiraldolaw.com
*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff*